IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER D. MYERS, | : |
| Plaintiff | : |
| v. | : Case No. 3:21-cv-69-KAP |
| ERIC TICE, *et al.*, | : |
| Defendants | : |

Memorandum Order

The complaint, ECF no. 4, is dismissed as to defendant Tice for failure to state a claim, without leave to amend, and ordered served on defendant DeLisma. If plaintiff has not provided the necessary forms for service on DeLisma the Clerk shall forward blank copies to plaintiff.

The Prison Litigation Reform Act, as codified at 28 U.S.C.§ 1915A, commands:

(a)   Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b)   Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2)   seeks monetary relief from a defendant who is immune from such relief.

Plaintiff, now an inmate at S.C.I. Fayette, alleges that on November 11, 2019, he slipped on the wet floor of his cell at S.C.I. Somerset and injured his right hand. He was taken to Somerset Hospital, where he was informed that a bone below his ring finger was broken. He was referred for consultation and surgery with an orthopedic surgeon, which was to take place a few days later, when the swelling on the hand had improved. Dr. Kansky DeLisma, a physician at S.C.I. Somerset, examined plaintiff the next morning and cleared him to return to normal housing. Dr. DeLisma told plaintiff the orthopedic consultation would be scheduled "soon." Plaintiff was repeatedly told that Dr. DeLisma was responsible for scheduling the consultation, but no consultation or surgery ever occurred.

On February 19, 2020, plaintiff saw a specialist surgeon in Johnstown who allegedly told plaintiff that his hand had healed in a manner that would prevent him from regaining full strength and would leave him with a deformity, i.e., a lump on the top of his hand, problems that would have been avoided if a timely consultation/surgery had been

1

done.  Plaintiff alleges that he suffers from pain, loss of feeling and restricted mobility in his hand, and emotional distress stemming therefrom. He claims that Dr. DeLisma and Superintendent Tice were deliberately indifferent to his medical needs.

A prison medical care provider violates the Eighth Amendment by "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  That includes cases where a provider knows of the need for medical care but refuses -not simply fails- to provide it. <u>Pearson v. Prison Health Service</u>, 850 F.3d 526, 538 (3d Cir.2017). To constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). This does not require admission of knowledge by a defendant: a defendant's state of mind can be inferred from a sufficient allegation of circumstantial evidence.

In that light, plaintiff has alleged a claim of deliberate indifference sufficient to proceed against Dr. DeLisma, but not Superintendent Tice.  Tice is not alleged to have been responsible for providing health care, and a warden does not ordinarily provide medical care to inmates. Civil rights claims do not carry *respondeat superior* liability. *See* <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978) (municipal employers are liable for deprivation of civil rights caused by their own illegal customs and policies but are not vicariously liable for their employees' actions). Absent actual knowledge or a reason to believe that prison medical personnel are mistreating a prisoner, a non-medical prison official is not chargeable with the *scienter* required for deliberate indifference. <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004). There is nothing in plaintiff's statement of facts that would indicate that Tice, or any other person, knew that DeLisma had mistreated plaintiff. Tice's alleged knowledge of the existence of inmate complaints about prison conditions does not permit an inference that Tice believed that the complaints were valid, and therefore knew of the contents of the complaint. And neither Tice's role as the warden nor his specific duties as the reviewer of inmate grievances impose a legal duty to investigate.

The Court of Appeals, in <u>Thomas v. Dragovich</u>, 142 Fed. Appx. 33, 39  (3d Cir. 2005), discussed this contention, frequently made by inmates, that nonmedical prison personnel become deliberately indifferent when an inmate puts them on notice of the inmate's complaints. In the course of explaining why the trial court's exclusion of inmate complaints (some of which contained admissible evidence) was harmless error, the panel observed:

> [The inmate's] contested exhibits do not tend to show that [the warden and health care administrator,] who are undisputably administrators, not doctors, possessed knowledge of the need for medical care accompanied by the ... intentional

2

refusal to provide that care. [The inmate's] exhibits only confirm that [the health care administrator] had a belief that [the inmate] was under the care of the prison doctor and medical staff, placing her within the scope of our decision in <u>Spruill v. Gillis</u>. [The inmate's] contested exhibits provide no new support that either [the health care administrator] or [the warden] possessed actual knowledge or a reason to believe that prison doctors or their assistants were mistreating (or not treating) [the inmate]. Finally, as to [the health care administrator's] responses to [the inmate] that were memorialized in the contested exhibits, **the jury could not have found that she did anything more than fail to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor**. As counsel contended at oral argument, it appears true that [the health care administrator] could have been more helpful to [the inmate] by undertaking such actions as forwarding some of [the inmate's] grievance forms to the medical staff or doctors, or even speaking with them directly, to make sure [the inmate] was heard. **That said, a failure to undertake such actions or others like them does not constitute deliberate indifference, and may not be legally recognized as such**.

142 Fed.Appx. at 39 (cleaned up)(my emphasis).

The Court of Appeals, in <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002) and similar cases, directs district courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." I cannot say that it would be metaphysically impossible to allege a claim against Tice but in light of <u>Thomas v. Dragovich</u> I can confidently say that amending the complaint to allege a plausible <u>Estelle v. Gamble</u> claim against Tice is futile, and leave to attempt it is denied. The complaint is dismissed as to Tice.

DATE: May 28, 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Christopher D. Myers NF-8707
S.C.I. Fayette
50 Overlook Drive
LaBelle, PA 15450